## Case No. 862.

BANK OF COLUMBIA v. BAKER et al.

[3 Cranch, C. C. 432.] [1]

Circuit Court, District of Columbia. May Term, 1829.

WRITS—ORDER FOR AN EXECUTION — CHARTER OF BANK OF COLUMBIA—POWER OF PRESIDENT.

1. An order for an execution, by the president of the Bank of Columbia, under the fourteenth section of its charter, is not a judgment, and a second execution cannot be issued without a new order.

[Cited, sub nom. Baker v. Dawes, in Smith v. Bank of Columbia and Bank of U. S., Case No. 13,011.]

2. The execution is but the commencement of the suit, and, if not prosecuted, it is discontinued.

[See Bank of Columbia v. Bunnel, Case No. 863; Same v. Moore, Id. 875; Smith v. Bank of Columbia, Id. 13,011.]

At law. Scire facias, to show cause why execution should not issue [against Baker and Dawes] on an order of the president of the Bank of Columbia, made in December, 1825, returnable to May term, 1826, which was never delivered to the marshal, but remained in or was returned to the clerk's office, by the cashier of the bank. At May term, 1826, a new fi. fa. was issued, and ordered, by the plaintiffs, "to lie in the office." The present scire facias was issued on the 27th of April, 1829, returnable to this term.

Mr. Redin, for the defendant, moved the court to quash the scire facias. The order of the president of the bank is not a judgment. It is a mere statutory remedy, and a scire facias is not given by the statute. The execution is only the commencement of the suit. The scire facias has not been served. The defendant has had no notice. How can he plead? What can he plead? What would be the effect of an order of this court for an execution? Could the defendant plead to it as he might have pleaded to the first execution? By the fourteenth section of the charter, which authorizes an execution upon the order of the president of the bank, without a previous judgment, the execution must be made returnable to the court which "shall first sit after the issuing thereof." Five years have now elapsed since the order was made. That order was satisfied by the execution issued by the clerk. No new execution can issue without a new order, and upon a new affidavit, stating that

the debt is now due. From the neglect to serve the former execution, a presumption arises that the debt has been paid.

Mr. Lear, contra. By the fourteenth section of the charter, (see Laws Md. 1793, c. 30, § 14,) it is enacted that the execution issued upon the order of the president of the bank "shall be as valid, and as effectual in law, to all intents and purposes, as if the same had issued on judgment regularly obtained in the ordinary course of proceeding in the said court." A scire facias is only a notice, or rule to show cause; and, by St. Westm. 2, (13th Edw. I, c. 45,) it is given after the year and day "upon those things which are found enrolled before" the justices, "whether they be contracts, covenants, obligations, services, or customs knowledged, or other things whatsoever enrolled, wherein the king's court, without offence of the law and custom, may execute their authority." The order of the president of the bank is a matter of record, and is to be considered as enrolled; and it is a thing wherein the court, without offence of the law and custom, may execute their authority. It is, therefore, a process lawfully issued, and cannot be quashed on motion.

CRANCH, Chief Judge, delivered the opinion of the court, (THRUSTON, Circuit Judge, absent, but assenting.) The court is of opinion that, under the circumstances of this case, the clerk could not issue a new execution without a new order; which new order must be in writing, and accompanied by the same evidence as the first. The execution is but the commencement of the suit, which, if not prosecuted, is discontinued, and must be commenced afresh. The charter of the bank does not make the order of the president a judgment of the court, nor give it any other quality of a judgment than that it is an authority to the clerk to issue an execution. It does not say that the order of the president shall be as valid and effectual as a judgment of the court; but only that the execution "shall be as valid and effectual" "as if the same had issued on judgment regularly obtained." We are, therefore, of opinion that the scire facias must be quashed. Scire facias quashed, without costs.

